UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAY CARRION,

      Plaintiff,

  -against-

UNITED AIRLINES, INC.,

      Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-4875 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

  Pro se Plaintiff Ray Carrion brings this action against Defendant United Airlines to recover damages for his lost luggage. Defendant moves for summary judgment, arguing that Plaintiff has already accepted payment that operates as accord and satisfaction with regard to his claim. For the reasons stated below, Defendant's motion for summary judgment is GRANTED.

**I. FACTS**

  Although entitled to all reasonable inferences in his favor, Plaintiff, the non-movant, did not file a Rule 56.1 Statement and generally does not dispute Defendant's version of the facts. On February 27, 2013, Plaintiff traveled via United Airlines from Anchorage, Alaska, to Baltimore, Maryland. (Def. United Airlines, Inc.'s Rule 56.1 Statement of Facts in Supp. of Mot. for Summ. J. ("Def. 56.1") (Dkt. 17) ¶ 2.) His itinerary required him to change planes Seattle, Washington. (Id.) He brought with him a carry-on bag. (Pl. Resp. in Opp'n to Def. United Airlines Mot. for Summ J. ("Pl. Opp'n.") (Dkt. 13) at 1.) Because his connecting flight from Seattle to Newark lacked space in its overhead bins, Defendant required Plaintiff to check his bag. (Id.) When Plaintiff arrived at his destination, he found that his bag had not arrived with him. (Id.)

Plaintiff states that he filed a claim with Defendant for $5,795.00 worth of items of and the price of his carry-on bag. (Id.) Defendant submits information suggesting that the claim was for $5,730.00. (Def. 56.1 ¶ 4.) Plaintiff used Defendant's claim form to file his claim. The form explained that Defendant would reimburse customers for the full value of items for which they had receipts, and $100 per item for which no receipt was attached. (Ex. A to Decl. of Curtis Richmond ("Richmond Decl.") (Customer Property Claim Form) (Dkt. 14-1).) Plaintiff attached only one receipt to his form, explaining that he did not have other receipts. (Id.)

Defendant searched for the bag, and, after failing to find it, offered Plaintiff $1,065.00 in compensation in a letter dated April 30, 2013. (Id. ¶ 5.) That amount represented the full cost of Plaintiff's bag, plus $100 for every item listed as being in the bag. (Richmond Decl., Ex. B (Apr. 30. 2013, Ltr.) (Dkt. 14-2).) The letter stated that Plaintiff could not be compensated at a higher rate for his items because he did not provide receipts and "[h]and written and replacement cost receipts are not acceptable." (Id.) It further informed Plaintiff that "[t]he enclosed check for $1065.00 represents full and final settlement of your claim, as priced." (Id.) Plaintiff received the letter and later produced a copy to the court. (Initial Conf. Tr. Nov. 13, 2013, (Dkt. 8) at 7:23-25.) The enclosed check was dated May 15, 2013. (Richmond Decl., Ex. C to (Dkt. 14-3).) Plaintiff deposited the check into his bank account on June 24, 2013. (Id.)

At a hearing before Magistrate Judge Ramon E. Reyes, Plaintiff stated that he expected Defendant to send more money later, under the belief that a federal statute required the airline to pay more. (Conf. Tr. at 7:6-17.) At some point, Plaintiff states that he tried to return the money to Defendant. Plaintiff asserts that he made "numerous calls" to Defendant, whose employees told him that they could not accept the money because the claim had already been settled. (Pl. Opp'n at 2.)

## II. PROCEDURAL HISTORY

Plaintiff originally filed suit in New York Supreme Court, Queens County, on August 9, 2013. Defendant removed the case under this court's subject matter and diversity jurisdiction on August 29, 2013. (Dkt. 1.); 28 U.S.C. §§ 1332, 1441, 1446. Defendant sought and received leave to file a motion for summary judgment (Order (Dkt. 11)), and did so on February 20, 2014. (Not. of Mot. for Summ. J. (Dkt. 14).) Plaintiff opposes the motion. (Dkt. 20.)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden to make this showing rests upon the party moving for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). "[T]he court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000). A pro se party, such as Plaintiff, is entitled to additional leeway. His submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).

A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]pecific facts" grounded in testimony or other admissible evidence create a genuine issue. Id. "[M]ere allegations or denials" of the adverse party's pleadings, id., "assertions that are conclusory," Patterson v. Cnty. of Onieda, N.Y., 375 F.3d 206,

219 (2d Cir. 2004), or "conjecture[] or speculation" from the non-movant, Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996), do not.

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323 (citation omitted).

## IV.   DISCUSSION

Defendant's argument in favor of summary judgment is simple: when Plaintiff cashed the check that he received in June of last year, his actions constituted acceptance of Defendant's offer in accord and satisfaction of his claim against it for lost luggage. Plaintiff responds both that he tried to return the money at an unspecified time and that he believes Defendant has misconstrued a federal regulation regarding liability for lost baggage. (Pl. Opp'n at 2.) Both of these responses suggest potential arguments that there was no accord and satisfaction, but ultimately, neither succeeds in this case.

Defendant assumes that New York law applies in this case, but has not provided the court with a contract of carriage, or other demonstration that New York law applies in a case concerning a flight from Alaska to Maryland taken by a then-Alaska resident. The Second Circuit has held that federal common law controls air carrier liability for lost or damaged goods, and the Southern District has applied this principle to passenger baggage. Demel v. Am. Airlines, Inc., 09-CV-5524 (PKC), 2011 WL 497930 at *4 (S.D.N.Y. Feb. 10, 2011) (citing Nippon Fire & Marine Ins. Co., Ltd. v. Skyway, 235 F.3d 53, 59 (2d Cir. 2000)). However, both

4

federal common law and New York law recognize the doctrine of accord and satisfaction, with the same elements. Compare, Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. (UAW) v. Yard-Man, Inc., 716 F.2d 1476, 1487-88 (6th Cir. 1983), with Narendra v. Thieriot, 41 A.D.3d 442, 443 (2007).

For the doctrine of accord and satisfaction to operate, there must be a dispute as to the amount of a liability, and one party must knowingly accept from the other party a lesser sum than what he claims he is owed. First Sec. Mortgage Co. v. Goldmark Plastics Compounds, Inc., 862 F. Supp. 918, 935 (E.D.N.Y. 1994) (citations omitted); Blottner, Derrico, Weiss & Hoffman, P.C. v. Fier, 420 N.Y.S.2d 999, 1001 (Civ. Ct. 1979) ("where an amount due is in dispute, and the debtor sends a check for less than the amount claimed, and clearly expresses his intention that the check has been sent as payment in full . . . the cashing or retention of the check by the creditor . . . operates as an accord and satisfaction of the claim." (citations omitted)). All of those elements are satisfied here.

Plaintiff was in a dispute with Defendant over its liability for his lost luggage. Plaintiff claimed that he was owed $5,730.00; Defendant contended that it owed $1,065.00. Defendant sent a check in this amount with an accompanying letter stating that the check was "full and final settlement of [Plaintiff's] claim, as priced." (Richmond Decl., Ex. B.) Plaintiff deposited the check. (Richmond Decl., Ex. C.) This case is quite similar to Curtain v. United Airlines, Inc., in which a purported class of plaintiffs sued the airline for failing to pay the amount for lost baggage required by the Warsaw Convention. 275 F.3d 88 (D.C. Cir. 2001). In that case, the D.C. Circuit decided that the doctrine of accord and satisfaction barred further recovery by plaintiffs, who had received letters and checks stating that the checks represented final settlement and who had deposited those checks. 275 F.3d at 95.

In some circumstances, a check endorsed under protest will not constitute accord and satisfaction. E.g., Boynton v. Law Offices of Burr & Reid L.L.P., 742 N.Y.S.2d 713, 714-15 (2002) (debtor endorsed check under protest and reserved rights). Plaintiff claims that he "tried to send back" the $1065.00, and discussed the issue with Defendant's employees. (Pl. Opp'n at 2.) But he offers nothing more than this bare assertion that, at some point, he alerted Defendant to the fact that the amount was unsatisfactory to him. Plaintiff does not state whether he did so before or after depositing the check. And he provides no evidence to corroborate his claim. Although the court is to consider all facts in favor of the non-moving party, those facts must be based on evidence, such as documents, affidavits, or deposition testimony. Anderson, 477 U.S. at 248. Plaintiff offers "mere allegations," which, alone, are not enough to support a material dispute of fact over whether Plaintiff accepted the payment. Id. The only evidence that is before the court, which Plaintiff does not dispute, is that he deposited the check, a clear signal of acceptance of Defendant's offer.

Plaintiff claims that Defendant improperly required receipts for reimbursements over $100, violating a federal regulation requiring reimbursement for "provable direct or consequential damages." (See Pl. Opp'n at 2); see also 14 C.F.R. § 254.4. However, Plaintiff never claims to have relied on Defendant's statement regarding its damages policy. (See Conf. Tr. at 7:7-8 (Plaintiff explains that he deposited the check "because I was like okay, let me ask them again because they supposed to pay me $3,400.00 at least."); Id. at 7:15-17 ("I was like okay, they probably going to send me the rest later. That's why I accept the check.").)[1] Thus, the settlement is not voidable based on mutual mistake about the law, regardless of the legality of the underlying policy. See Restatement (Second) of Contracts § 152 (1981).

---

[1] At the time, Plaintiff believed $3,400.00 to represent the minimum payment he was entitled to under the regulation. He now acknowledges that it is in fact the maximum amount a claimant is entitled to recover. (Pl. Opp'n at 1); 14 C.F.R. § 254.4.

6

The only issue before the court on summary judgment is whether or not Plaintiff's acceptance of Defendant's check for $1,065.00 constitutes accord and satisfaction. If it does, then Plaintiff is not entitled to any recovery. Plaintiff has not pled facts sufficient to suggest that he either gave Defendant notice that he was contesting the offer, or that he deposited the check on the basis of a mutual mistake. Plaintiff's opposition raises no other arguments. Thus, the court finds that Plaintiff's acceptance of Defendant's check was accord and satisfaction.

## V. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 15, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge